

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00110-CR

MICHAEL EARITT WHITE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Lamar County, Texas
Trial Court No. 60286

Before Morriss, C.J., Carter and Moseley, JJ.

O R D E R

Court reporter Mary Ann Taylor recorded the trial court proceedings in cause number 06-13-00110-CR, styled *Michael Earitt White v. The State of Texas*, trial court cause number 60286 in the County Court at Law of Lamar County, Texas.  On June 6, 2013, Michael Earitt White, appellant, was convicted by a Lamar County jury of the misdemeanor offense of driving with an invalid/suspended license with a prior conviction, sentenced to ninety days' in jail and fined $1,000.00.  White filed a notice of appeal on June 6, claimed indigence, and requested the appointment of appellant counsel and a free copy of the appellate record.  On June 27, the trial court conducted an indigence hearing and found White to be not indigent; consequently, the trial court did not appoint appellate counsel for White, and both the trial court clerk and the court reporter, Taylor, refused to prepare their portions of the appellate record until White paid the costs of preparation.

White contested the trial court's determination that he was not indigent for purposes of appeal in this Court, and, after abating the matter to the trial court for further consideration of the issue, we entered an order dated July 28, 2014, finding White indigent for purposes of appeal, requiring that the trial court appoint White appellate counsel, finding that White is entitled to a free record on appeal, and establishing August 27, 2014, as the deadline for filing both the clerk's and reporter's records in this matter.  More precisely, we specifically ordered both the Lamar County Clerk and Taylor to prepare and file their portions of the appellate record in this matter on or before August 27.  The clerk's record was filed August 18, 2014.

On August 27, 2014, Taylor filed a request seeking to extend her deadline for filing the reporter's record, which she estimated to consist of only 285 pages, by sixty days to October 27,

2014. To justify her failure to prepare and file the record by August 27, Taylor identified four other appellate records on which she claimed to have been working prior to filing her request. Noticeably absent from Taylor's request, however, is a reasonable explanation of the need for an additional sixty days in which to prepare this relatively short record.

The Texas Rules of Appellate Procedure establish that "trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed." TEX. R. APP. P. 35.3(c). The Rules further instruct that an "appellate court may enter any order necessary to ensure the timely filing of the appellate record." *Id.* In furtherance of our responsibilities established by the Rules, we find we must take steps to ensure the filing of the record in this case. This appeal has been pending now for 454 days, and the complete appellate record has yet to be filed. While Taylor has certainly not been the cause of the delay up to this point, we find no compelling information in her request for an extension of time that would justify her becoming so now.

We overrule Taylor's request for an extension of time and order her to file the reporter's record in cause number 06-13-00110-CR on or before September 19, 2014. If the record is not received by September 19, we warn Taylor that we may begin contempt proceedings against her and order her to show cause why she should not be held in contempt of this Court for failing to obey its order.

IT IS SO ORDERED.

BY THE COURT

Date:   September 4, 2014

3